## SCHOONMAKER v. CITY OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

### No. 176.

MUNICIPAL CORPORATIONS (§ 849*) — INJURIES TO VESSELS — CONCEALED OBSTRUCTIONS.

Where the dockmaster in charge of a bulkhead owned by a city assigned a scow to a berth for unloading, the fact that owing to a dispute with another vessel she took a position 15 or 20 feet further along did not relieve the city from liability for her loss owing to obstructions in the bottom, unless the master was notified or knew of the danger.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1806; Dec. Dig. § 849.*]

Appeal from the District Court of the United States for the Southern District of New York.

James J. Macklin (De Lagnel Berier, of counsel), for appellant.

Francis K. Pendleton, Corp. Counsel (Theodore Connoly and George P. Nicholson, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The libel was filed against the city of New York to recover for loss of the scow barge Carey Brick Co. No. 3 and her cargo of bricks. The city owns and collects wharfage for the bulkhead between Seventy-Eighth and Seventy-Ninth streets on the East river and a little pier jutting out into the river at the end of Seventy-Ninth street. The city's dockmaster assigned the scow to take the berth of Denning No. 1 as soon as the latter had unloaded. Through a dispute with another boat which felt entitled to the same berth, the scow when she got into the bulkhead lay some 15 or 20 feet higher up the bulkhead and nearer the Seventy-Ninth street pier than the Denning No. 1 had lain. This corner was a dangerous place, and early in the next morning at low water the scow took the ground on some dangerous obstructions that caused her loss. We do not think it material that the scow did not lie in exactly the same spot Denning No. 1 occupied. The city is clearly liable unless it notified the master of the scow of the danger or unless he knew of it. The burden is upon the city to prove this defense. The trial court dismissed the libel on the ground that the master was notified of the danger. The whole testimony on the subject is as follows: The dockmaster says that he told Corkery, the stevedore, that the corner was a bad place.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

But the stevedore represented the cargo, and notice to him was not notice to the scow. Corkery testified that, when the scow was swung out into the river to enable Denning No. 1 to be towed out, he called out to the master of the scow to look out for the corner because it was a bad place. He makes no claim that the master heard him. The dockmaster and the stevedore then went away for the day, and the scow pulled into her berth at about 7:20 p. m. on a rising tide. The master of the scow says he neither knew of the danger nor heard the stevedore's hail. If he had known of it or had heard the hail, it is quite unlikely that he would have pulled his boat in, at least without some inquiry of others or investigation of the bottom.

If the witnesses contradicted each other, we should be disposed, in accordance with the usual practice, to adopt the finding of the trial judge as to their credibility, because he saw and heard them. But their testimony is entirely consistent, the only question being whether the master of the scow heard Corkery's hail. Because we see no reason to doubt his testimony that he did not, the decree is reversed, with costs.